IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII CARPENTERS TRUST FUNDS, ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> REDMONT CONSTRUCTION, LLC, ET AL., <br><br> Defendants. | CIV. NO. 21-00220 LEK-RT <br><br> FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST REDMONT CONSTRUCTION, LLC |

**FINDINGS AND RECOMMENDATION TO GRANT
PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT
<u>JUDGMENT AGAINST REDMONT CONSTRUCTION, LLC</u>**

Plaintiffs'[1] Motion for Entry of Default Judgment Against Redmont Construction, LLC ("Motion" or "Motion for Default Judgment") (ECF No. 14), filed on August 2, 2021, came on for a telephonic hearing on September 23, 2021 at 11:00 a.m. before the Honorable Rom A. Trader.  Attorney Jeffrey Miller appeared by phone on behalf of Plaintiffs.  Defendant Redmont Construction, LLC

---

[1] Plaintiffs are the trustees of the Hawaii Carpenters Trust Funds, which include the Health & Welfare Trust Fund, Apprenticeship & Training Fund, Vacation & Holiday Fund, Market Recovery Program Fund, Financial Security Fund, Drywall Training Fund, and 401-K Fund (collectively "Plaintiffs" or "Trust Funds").

("Defendant") did not appear for the hearing and made no opposition, objection, or other communication.

After careful consideration of the Motion, records in this case, and applicable law, the Court FINDS and RECOMMENDS that the Motion be GRANTED. This Court FINDS and RECOMMENDS that Plaintiffs be awarded of a total of $156,203.11 in damages and $2,215.96 in attorney's fees and costs for a total of $158,419.07.[2]

## BACKGROUND

Plaintiffs commenced this action on May 5, 2021. ECF No. 1. Plaintiffs allege that Defendant entered into an agreement to abide by a Collective Bargaining Agreement ("CBA"), executed on or about October 3, 2019. Id. at PageID #: 5. Under the terms of the CBA, Defendant promised to contribute and pay to the Trust Funds certain amounts for employee benefit contributions arising from work performed by Defendant's covered employees by the due dates specified in the CBA. Id. Defendants promised to submit timely reports reporting hours worked by Defendant's covered employees to the Trust Funds by specified due dates and to permit audits and allow inspection of their payroll records. Id. at

---

[2] During the telephonic hearing on September 23, 2021, the Court noted that there was an error in Plaintiffs' calculation of damages. Upon further and careful review of the motion and accompanying exhibits and declaration, the Court has reconciled the Plaintiffs' calculations and finds that Plaintiff's calculation of damages in the amount of $158,449.07 is correct.

PageID #: 6.  Defendant also agreed to pay liquidated damages if any monthly contributions were not paid when due.  Id. at PageID #: 6-7.  Plaintiffs allege that Defendant failed to make contributions in a timely manner.  Id. at PageID #: 7-10.  Plaintiffs claim that they are entitled to unpaid contributions, liquidated damages and/or interest, and attorney's fees and costs.  Id.

On May 25, 2021, Plaintiffs filed a proof of service indicating that Defendant was served a copy of the Complaint and Summons by a process server on May 24, 2021.  ECF No. 7.  Defendant failed to answer or respond to the Complaint.  Plaintiffs filed an Amended Ex Parte Request to Clerk for Entry of Default of Defendant Redmont Construction, LLC on July 14, 2021.  ECF No. 11.  The Clerk entered default against Defendant on July 15, 2021.  ECF No. 13.  On August 2, 2021, Plaintiffs filed the instant Motion.  ECF No. 14.  No opposition was filed.

## DISCUSSION

Rule 55(b)(2) of the Federal Rules of Civil Procedure (Fed. R. Civ. P.) provides that a court may enter default judgment following the Clerk's entry of default pursuant to Fed. R. Civ. P. 55(a).  "The district court's decision whether to enter a default judgment is a discretionary one."  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (citations omitted).

I.Jurisdiction

This Court must first consider whether it has subject matter jurisdiction over this action and personal jurisdiction over the Defendant prior to determining whether default judgment is warranted.  See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place").  In this case, this Court has subject matter jurisdiction over Plaintiffs' claims pursuant to the Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income Security Act of 1974 ("ERISA"), and the Multiemployer Pension Plan Amendments Act of 1980.  ECF No. 1 at PageID #: 3.

This Court has personal jurisdiction over the Defendant.  Personal jurisdiction can be acquired by personal service or by a defendant's "minimum contacts" within the jurisdiction.  Cripps v. Life Ins. Co. of North America, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Burnham v. Superior Court of Cal., 495 U.S. 604 (1990)).  The record reflects that service was made on Defendant through a process server on May 24, 2021.  ECF No. 7.  The Complaint also alleges that Defendant is a Hawaii corporation doing business in the City and County of Honolulu, State of Hawaii.  ECF No. 1 at PageID #: 4.  Accordingly, this Court has personal jurisdiction over the Defendant.

II.  Eitel Factors

"Entry of default does not entitle the non-defaulting party to a default judgment as a matter of right." In re Villegas, 132 B.R. 742, 746 (9th Cir. 1991) (citing Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990)) (citations omitted). Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986).

In determining whether default judgment is warranted in this case, the Court shall evaluate the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

Id. at 1471-72 (citation omitted). On default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)). The Court shall consider each factor in turn.

A.  Possibility of Prejudice

This factor requires the consideration of whether Plaintiffs would suffer prejudice if default judgment is not entered. PepsiCo, Inc. v. Cal. Sec. Cans, 238

F. Supp. 2d 1172, 1177 (C. D. Cal. 2002).  Defendant failed to answer or respond to Plaintiffs' Complaint.  This makes a decision on the merits impractical, if not impossible.  Absent entry of default judgment, Plaintiffs would be without recourse for recovery.  This Court thus finds that this factor favors default judgment.

    B.    <u>Merits of the Claim</u>

As stated earlier, the factual allegations in the Complaint, for purposes of liability, will be taken as true.  <u>TeleVideo Sys.</u>, 826 F.2d at 917-18 (citation omitted).  Plaintiffs brought this action against Defendant for unpaid contributions.  Plaintiffs allege that the Defendant has violated its contractual and statutory duty to make contributions to Plaintiffs as required by the CBA and ERISA.  Plaintiffs explain that Defendant is a contributing employer under the CBA.  Plaintiffs allege that despite agreeing to be bound by the CBA, Defendant has failed to make contributions.  Based on a careful review of these allegations in the Complaint, this Court finds that this factor weighs in favor of default judgment.

    C.    <u>Sufficiency of the Complaint</u>

As determined under the merits-of-the-claim analysis, the allegations in the Complaint are sufficiently pled and supported by the documents and declarations filed with the Motion for Default Judgment.  The Court thus finds that this factor weighs in favor of default judgment.

### D. Sum of Money at Stake

This Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1176. Plaintiffs seek $158,449.07 in total damages, which Plaintiffs state includes $2,215.96 in attorney's fees and costs. Plaintiffs allege that their damages request is tailored to Defendant's wrongful conduct of failing to abide by the terms of the CBA and as set forth under ERISA. Thus, this factor also weighs in favor of default judgment.

### E. Possibility of a Dispute Concerning Material Facts

Defendant was given notice and had sufficient time to answer the Complaint and deny Plaintiffs' allegations. However, Defendant has done nothing to dispute the allegations. Defendant was also served a copy of this Motion (ECF No. 14-8) and failed to respond or appear to defend. Because no dispute has been raised regarding Plaintiffs' material factual allegations, this Court finds that this factor favors default judgment.

### F. Excusable Neglect

As stated earlier, Defendant was served with a copy of Plaintiffs' Complaint and summons and had notice of this Motion. (ECF Nos. 7 & 14-8). Despite ample notice of the lawsuit, entry of default, and threat of default judgment, the Defendant has not defended in this matter to date. Nothing in the record suggests

that Defendant's default was the result of excusable neglect. Rather, it appears that the Defendant's default is due to the Defendant's conscious and willful decision not to defend in this action. Accordingly, this Court finds that this factor favors default judgment.

  G. Policy Favoring Decision on the Merits

There is a policy of favoring decisions on the merits, and default judgments are disfavored. In re Roxford Foods, Inc., 12 F.3d 875, 879 (9th Cir. 1993). However, Defendant has not complied with any deadlines, rules, and orders. Defendant has not been responsive and thus, proceeding with litigation would be futile as this case cannot move forward. Thus, this factor does not preclude the finding that default judgment is appropriate in this case.

  H. Totality of the Eitel Factors

Upon review of the Eitel factors, this Court finds that six (6) out of the seven (7) Eitel factors weigh in favor of default judgment. This Court thus FINDS and RECOMMENDS that the district court grant Plaintiffs' request for default judgment against Defendant.

III. Damages

Plaintiffs seek damages in the amount of $124,313.34 in delinquent contributions, $22,966.41 in liquidated damages, $8,549.97 in 12% interest, $243.39 in 401(k) lost earnings, and $160.00 in audit fees for a total of

$156,233.11.  When determining a defendant's liability on a motion for default judgment, "the general rule is that well-pled allegations in the complaint regarding liability are deemed true."  See Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002) (citations omitted).  However, this Court must review the record and, if necessary, make a further factual inquiry to establish the amount the plaintiff is entitled to recover.  TeleVideo System, 826 F.2d at 917-918.

The Court has carefully considered and reviewed Exhibit "A" to the Motion and FINDS that Plaintiffs have established that the total damages in the amount of $156,233.11.

IV.    Attorneys' Fees and Costs

An award of reasonable attorneys' fees and costs is mandatory in all successful actions to recover delinquent contributions under 29 U.S.C. § 1132(g) and §1145.  Plaintiffs request attorneys' fees and costs in the amount of $2,215.96.  Plaintiff incurred $1,430.62 in attorneys' fees and costs and expect to incur an additional amount of attorneys' fees in the amount of $750.00 plus general excise tax of $35.34 for a total of $785.34 for drafting this motion, the finalization of the order, and judgment.  In this case, the Court has prepared the instant findings and recommendation to grant the Motion for Default Judgment, but finds that the additional amount requested for fees Plaintiffs expect to incur is reasonable for the preparation of the motion and judgment alone.

Reasonable attorneys' fees are generally based on the traditional "lodestar" calculation, which multiplies (1) the number of hours reasonably expended by (2) a reasonable hourly rate.  Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1119 (9th Cir. 2000) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).  The lodestar amount may also be adjusted based on an evaluation of the factors in Kerr, which have not been subsumed in the lodestar calculation:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir. 1975) (citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974).  There is a strong presumption that the lodestar amount calculated is reasonable.  See Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); Fischer, 214 F.3d at 1119, n.4.

Plaintiffs request an hourly rate of $250.00 for attorney Jeffrey Miller.  The reasonable hourly rate is determined by assessing the prevailing market rate in the relevant community for similar work performed by attorneys of comparable skill, experience, and reputation.  Roberts v. City of Honolulu, 938 F.3d 1020, 1023-24

(9th Cir. 2019) (citing Kelly v. Wengler, 822 F.3d 1085, 1099 (9th Cir. 2016)); Webb v. Ada County, 285 F.3d 829, 840 (9th Cir. 2002) (citing Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210-11 (9th Cir. 1986)).  The relevant community is the forum in which the district court sits.  Camacho v. Bridgeport Financial, Inc., 523 F.3d 973, 979 (9th Cir. 2008).  In this case, the relevant community is the District of Hawaii.

"District courts may also use their 'own knowledge of customary rates and their experience concerning reasonable and proper fees.'"  Sam K. ex rel. Diane C. v. Hawaii Dept. of Educ., 788 F.3d 1033, 1041 (9th Cir. 2015) (citing Ingram v. Oroudjian, 647 F.3d 925, 928 (9th Cir. 2011)).  Based on this Court's knowledge of the prevailing rates in the legal community for work in similar cases, this Court FINDS that the hourly rate of $250.00 for work performed by attorney Jeffrey Miller is reasonable.  See e.g., Hawaii Carpenters Trust Funds v. Sonny's Wall Service, LLC, Civ. No. 21-00192 JMS-KJM, 2021 WL 4272701, at *2 (D. Haw. Aug. 31, 2021), report and recommendation adopted sub nom. Hawaii Carpenters Tr. Funds v. Sonny's Wall Serv., LLC, Civ. No. 21-00192 JMS-KJM, 2021 WL 4269993 (D. Haw. Sept. 20, 2021) (the invoices in Exhibit "3" (ECF No. 16-5) to the motion indicates that the approved reasonable hourly rate was $250.00).

A. <u>Hours Reasonably Expended</u>

"The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours and the rates claimed."  <u>Welch v. Metropolitan Life Ins. Co.</u>, 480 F.3d 942, 945-46 (9th Cir. 2007) (citing <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983)).  "In determining the appropriate lodestar amount, the district court may exclude from the fee request any hours that are 'excessive, redundant, or otherwise unnecessary.'"  <u>Welch</u>, 480 F.3d at 946 (citing <u>Hensley</u>, 461 U.S. at 433).

Plaintiffs provided invoices of the work performed by Mr. Miller as Exhibit "3" to the Motion.  ECF No. 14-5.  Upon careful review of these invoices, the Court is satisfied that the hours expended in this case is reasonable.

B. <u>Reasonable Costs</u>

The costs Plaintiffs request is included in the invoices as Exhibit "3" to the Motion for Default Judgment.  ECF No. 14-5.  The Court finds that the requested costs in the amount of  $409.70 plus general excise tax of 4.712% is reasonable and RECOMMENDS that the costs be GRANTED.

CONCLUSION

In accordance with the foregoing, this Court FINDS and RECOMMENDS that Plaintiffs' Motion for Entry of Default Judgment Against Defendant Redmont

Construction, LLC (ECF No. 14), filed on August 2, 2021 be GRANTED as follows:

1. Plaintiffs' request for default judgment (ECF No. 14) against Defendant be GRANTED;

2. Plaintiffs be awarded total damages in the amount of $156,233.11 for $124,313.34 in delinquent contributions, $22,966.41 in liquidated damages, $8,549.97 in 12% interest, $243.39 in 401(k) lost earnings, and $160.00 in audit fees;

3. Plaintiffs be awarded attorney's fees and costs in the amount of $2,215.96; and

4. Plaintiffs be awarded total damages and attorneys' fees in the amount of $158,449.07.

The Court directs Plaintiffs to (1) serve a copy of this Findings and Recommendations on Defendant and (2) file a Certificate of Service indicating the date of service **by no later than November 2, 2021**.

//
//
//
//
//

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, October 26, 2021.

/s/ Rom A. Trader
Rom A. Trader
United States Magistrate Judge

---

Civ. No. 21-00220 LEK-RT; *Hawaii Carpenters Trust Funds, et al. vs. Redmont Construction, LLC, et al.*; Findings and Recommendation to Grant Plaintiffs' Motion for Entry of Default Judgment Against Redmont Construction, LLC